AO 91 (Rev. 11/11) Criminal Complaint        AUSA Megan DeMarco (312) 371-5698

FILED
8/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

v.

LEANDRO BACILIO MARTINEZ

CASE NUMBER: 25 CR 500

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about June 7, 2024, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | being an alien who previously had been deported and removed from the United States on or about November 29, 2011, and August 17, 2012, was present and found in the United States on or about June 7, 2024 without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication by defendant for admission into the United States |

This criminal complaint is based upon these facts:

__X__ Continued on the attached sheet.

S/ *David Fitzpatrick*
DAVID FITZPATRICK
Special Agent, Federal Bureau of Investigation (FBI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: August 21, 2025

*Judge's signature*

City and state: Chicago, Illinois      YOUNG B. KIM, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, DAVID FITZPATRICK, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since approximately November of 2004. My responsibilities include criminal investigations, including those involving deportation violations and investigations involving criminal aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that Leandro Bacilio MARTINEZ has violated Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4), Reentry of Removed Alien, by being present and found in the United States after having been deported. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging MARTINEZ with illegal reentry into the United States by a deported alien, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. The facts set forth in this affidavit are based on my personal knowledge, my training and experience, my review of records maintained by the FBI, the Department of Justice (DOJ), Immigration and Customs Enforcement (ICE), other components of the Department of Homeland Security (DHS), and other government

agencies, and information provided to me by various law enforcement personnel and witnesses.

## FACTS SUPPORTING PROBABLE CAUSE

4. According to DOJ and DHS records, MARTINEZ is a native and citizen of Mexico and has no claim to United States citizenship or lawful permanent residence. DOJ and DHS records reflect that MARTINEZ was born in Mexico on or about February 27, 1977.

5. According to DOJ and DHS records, MARTINEZ entered the United States in 1998 near San Diego. According to DOJ and DHS records, on or about June 10, 2001, MARTINEZ was arrested by the Park Ridge, Illinois, police department and charged with a misdemeanor driving under the influence.

6. According to DOJ and DHS records, on or about September 8, 2002, MARTINEZ was arrested by the Cook County Sheriff's Office for driving on a suspended license. MARTINEZ was fingerprinted pursuant to that arrest.

7. According to DOJ and DHS records, on or about September 3, 2004, MARTINEZ was arrested by the Mount Prospect, Illinois, police department for disregarding a stop sign and driving on a revoked or suspended license. MARTINEZ was fingerprinted pursuant to that arrest.

8. According to DOJ and DHS records, on or about September 2, 2007, MARTINEZ was arrested by the Mount Prospect police department for several traffic offenses, including driving with a revoked or suspended license.

9. According to DOJ and DHS records, on or about October 14, 2009, MARTINEZ was arrested by the Mount Prospect police department and charged with retail theft. On or about November 19, 2009, he was sentenced in Cook County Circuit Court to one year of supervision.

10. According to DOJ and DHS records, on or about June 28, 2010, MARTINEZ was arrested by Mount Prospect police and charged with misdemeanor assault.

11. According to DOJ and DHS records, sometime in the summer of 2011, MARTINEZ went back to Mexico because his mother died. According to DOJ and DHS records, on or about August 27, 2011, MARTINEZ tried to enter the United States in Nogales, Arizona. MARTINEZ presented a Visa with a false name and birthday for the purpose of reentering the United States.

12. According to DOJ and DHS records, on or about August 28, 2011, MARTINEZ was arrested by Customs and Border Patrol for a violation of Section 212 of the Immigration and Nationality Act, Visa fraud, and fingerprinted pursuant to that arrest. An order of removal was entered against MARTINEZ indicating that he was prohibited from entering the United States for a period of 5 years.

13. According to DHS records, MARTINEZ was removed at Brownsville, Texas on or about November 29, 2011.

14. According to DOJ and DHS records, on or about February 22, 2012, MARTINEZ entered the United States at Rio Rico, Arizona and was arrested. MARTINEZ was fingerprinted that day pursuant to that arrest. On or about

February 24, 2012, he was convicted of illegal entry and sentenced to 180 days' imprisonment. An order of removal was entered against MARTINEZ indicating that he was prohibited from entering the United States for a period of 20 years.

15. According to DOJ and DHS records, on or about August 17, 2012, MARTINEZ was removed at Brownsville, Texas.

16. DHS records reflect that MARTINEZ has not applied for or received permission from the Secretary of the Department of Homeland Security to reenter the United States.

17. According to DOJ and DHS records, on or about June 7, 2024, MARTINEZ was arrested by the Des Plaines, Illinois police department for driving under the influence. After arrest, Des Plaines police officers collected MARTINEZ's fingerprints. According to the National Crime Information Center (NCIC) database, the fingerprints taken from MARTINEZ pursuant to his June 7, 2024 arrest matched with LEANDRO JUAN BACILIO MARTINEZ's FBI Number, 500378TB5.

18. FBI Chicago retrieved a copy of MARTINEZ's immigration form 1-205 from the United States Citizenship and Immigration Service. The immigration form I-205 contains the ten-print fingerprint card and photograph of MARTINEZ collected pursuant to his arrest on or about February 22, 2012 and his removal on or about August 17, 2012, as well as his A number and FBI number, 500378TB5.

19. On or about July 28, 2025, a fingerprint comparison analysis was conducted by the FBI's Criminal Justice Information Services Division and verified that MARTINEZ, associated with FBI number 500378TB5, is the same person who

was removed from the United States on or about November 29, 2011 and August 17, 2012 as well as the same individual who was arrested on or about June 7, 2024.

## CONCLUSION

20. Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about June 7, 2024, at Des Plaines, Illinois, in the Northern District of Illinois, Eastern Division, MARTINEZ, being an alien who was last removed from the United States on or about August 17, 2012, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a), and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

s/ *David Fitzpatrick*

DAVID FITZPATRICK
Special Agent, Federal Bureau of Investigation

SWORN TO AND AFFIRMED by telephone August 21, 2025.

Honorable YOUNG B. KIM
United States Magistrate Judge

5